UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| LIONEL A. NIMA NGAPEY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:22-cv-00077-NT |
| | ) | |
| MAINE DEPARTMENT OF LABOR, | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF COMPLAINT PURSUANT TO 28 U.S.C. § 1915**

Plaintiff alleges Defendant Maine Department of Labor erred when it denied his appeal for unemployment benefits. With his complaint, Plaintiff filed a motion to proceed in forma pauperis, which motion the Court granted. (Motion, ECF No. 3; Order, ECF No. 5.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

After a review pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss Plaintiff's complaint.

**FACTUAL ALLEGATIONS**

Plaintiff alleges that Defendant wrongfully denied his request for unemployment benefits following the alleged termination of his employment due to a medical condition. Plaintiff maintains that Defendant disregarded relevant evidence and improperly relied on his former employer's inaccurate characterization of the reason for the termination of his

employment. He asserts that Defendant's decision violates the requirements of the United States Constitution and federal law.

## LEGAL STANDARD

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This is

"not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

"Federal courts are courts of limited jurisdiction. They cannot act in the absence of subject matter jurisdiction, and they have a sua sponte duty to confirm the existence of jurisdiction in the face of apparent jurisdictional defects." *United States v. Univ. of Mass., Worcester*, 812 F.3d 35, 44 (1st Cir. 2016).

Here, the Eleventh Amendment to the United States Constitution presents a jurisdictional obstacle to Plaintiff's ability to assert a claim against Defendant in federal court. Defendant, an agency/department of the State of Maine, is immune under the Eleventh Amendment from suits brought by citizens in federal court. *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 (1st Cir. 2009) ("states and their agencies are entitled to sovereign immunity"). Furthermore, while a federal district court would have jurisdiction under the Civil Rights Act, 42 U.S.C. § 1983, over claims against persons exercising state authority,[1] § 1983 does not authorize claims against the state or its agencies. *Will v. Mich.*

---

[1] Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. …

42 U.S.C. § 1983.

*Dep't of State Police,* 491 U.S. 58, 64 (1989); *see also Nieves–Marquez v. Puerto Rico,* 353 F.3d 108, 124 (1st Cir. 2003) ("No cause of action for damages is stated under 42 U.S.C. § 1983 against a state, its agency, or its officials acting in an official capacity.").

## CONCLUSION

Based on the foregoing analysis, after a review pursuant to 28 U.S.C. § 1915(e)(2), I recommend the Court dismiss Plaintiff's complaint.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 12th day of April, 2022.